## 44115. GINN v. THE STATE.

DEEN, Judge. 1. The defendant was indicted for murder and convicted of voluntary manslaughter. The defendant, who admitted the homicide, was alone with the deceased at the time. His evidence was to the effect that, upon ascertaining from a letter that his daughter, who had been dating the deceased, had engaged in certain conduct of which he disapproved, he demanded from her everything the deceased had given her. He received a photograph which he immediately tore up, some letters and a pin. This was in the middle of the afternoon. At about 6:30 he called the deceased and told him to come to the house immediately with everything received from his daughter. The boy appeared and handed over a ring, picture, and some letters. He was sitting in an easy chair behind an ottoman at the time, and the defendant who "was going to impress upon Jay how serious it was" took a pistol from a nearby drawer and stood in front of him. The pistol fired, hit Jay in the chest and killed him immediately. The defendant pleaded accident in that Jay leaned over across the ottoman without rising from the chair, and shoved the defendant, catching his hand, and the gun went off.

2. The defendant's contention is that under these facts the verdict should have been murder or acquittal. Murder, however, would have been unauthorized under the circumstances above set forth. In *Jones v. State*, 212 Ga. 195, 196 (91 SE2d 514) it was held: "The only evidence in the present case introduced by the State to prove that the defendant committed the homicide was the testimony of officers that the defendant had made statements to them admitting the homicide. These admissions negatived malice and included the defendant's contention that he shot the deceased in self-defense, and at a time when the deceased was advancing upon him with a knife. The State's evidence, therefore, discloses circumstances of mitigation or justification and such evidence does not raise a presumption of malice."

In the present case the defendant admitted the shooting, admitted circumstances showing him to have been very angry with the decedent, but contended that the pistol went off by accident, as he was holding it in front of the boy. Evidence of the State showed that there was a large ottoman between

the two men, that the deceased was sitting down and that there were no powder burns on his shirt as there would have been if the weapon had been shot at a distance of less than 30 inches from the point of entry. From these facts and the admitted state of mind of the defendant, the jury was authorized to find that the killing was the result of a sudden heat of passion when Jay's reaction to whatever he had been telling him caused him to think that Jay was not impressed with the seriousness of the situation.

We agree with appellant that it is manifestly unfair to hold one criminally bound by a statement which in the same breath admits the commission of an act and in the same breath offers a legal justification for it. *Owens v. State,* 120 Ga. 296 (48 SE 21). Yet what the defendant's intent was in standing over the deceased with pistol in hand must remain a jury question under this evidence. Accident is not a defense unless "it satisfactorily appears there was no evil design, or intention, or culpable neglect." *Code* § 26-404.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

ARGUED JANUARY 8, 1969—DECIDED JANUARY 27, 1969.

*Wesley R. Asinof,* for appellant.

*Jack J. Gautier, Solicitor General, Fred M. Hasty,* for appellee.